5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED

JUL 1 6 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| SANTOS JESUS GARCIA-MORALES, | § | |
| Defendant-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-98-135 |
| VS. | § | |
| | § | CRIMINAL NO. B-98-161 |
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Santos Jesus Garcia-Morales ("Garcia") has filed a petition pursuant to 28 U.S.C. § 2255 (Docket No. 1) seeking to reduce his sentence. The government has filed a Motion to Dismiss or in the Alternative for Summary Judgment (Docket No. 4). For the reasons set forth below, this Motion should be granted and the petition dismissed.

## BACKGROUND FACTS

The following factual summary is drawn from the government's Motion to Dismiss. Garcia was arrested at the Sarita check point after a sniffer dog alerted to marihuana in Garcia's vehicle.

Garcia was indicted for various drug offenses arising out of this arrest. He retained counsel, the Honorable Guadalupe Olvera of Brownsville, Texas.

Garcia pled guilty to one count of the indictment pursuant to a plea agreement in which the government agreed to dismiss the remaining counts, recommend credit for acceptance of responsibility and a sentence at the low end of the guidelines. His PSI scored him at a level 24. His credit for early acceptance of responsibility reduced this to a level 21. His punishment range

was 37 to 46 months.

He was sentenced to thirty-seven (37) months confinement a three year SRT and a $100.00 special assessment.

## THE 2255 PETITION

Garcia contends that his lawyer was ineffective in failing to appeal his sentence. Garcia goes on to claim that he was entitled to a two point credit as a first time offender. He also makes the argument that as an alien he is ineligible for pre-release custody, "meritorious good time" and credit for participation in a drug program.

## RECOMMENDATION

Garcia's claims with respect to his request to counsel to appeal are vague and indefinite. Additionally, he waived his appeal rights.

In any event, the contention he makes is that his lawyer failed, on appeal, to seek a two point downward departure pursuant to U.S.S.G. §§ 5C1.2 and 2D1.1(b)(6), the safety valve provisions, is without merit. Garcia did not meet the criteria for entitlement to the safety valve provisions. The safety valve permits sentencing below statutory minima in certain cases when the offense level was 21, therefore the safety value provisions do not apply. *United States v. Leonard*, 157 F.3d 343 (5th Cir. 1998).

The Fifth Circuit has held that the early release provisions do not apply to aliens. *United States v. Nnanna,* 7 F.3d 420, 422-423 (5th Cir. 1993).

With respect to the good time complaints, Garcia has not shown that he has availed himself of or exhausted the administrative remedies available to him. *Rourke v. Thompson,* 11 F.3d 47, 49 (5th Cir. 1993).

IT IS THEREFORE **RECOMMENDED** that the government's Motion for to Dismiss be **GRANTED** and that Santos Jesus Garcia-Morales' Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district Court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 15th day of July 1999.

　　　　　　　　　　　　　　　　　　John Wm. Black
　　　　　　　　　　　　　　　　　　United States Magistrate Judge